UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| ROBERT SCHEU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO: |
| | ) | |
| HOME DEPOT U.S.A, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Robert Scheu, hereinafter Plaintiff, by counsel, pursuant to Rule 3, Fed. R. Civ. P., and files his Complaint against the Defendant, Home Depot U.S.A., Inc., hereinafter Defendant and shows the Court the following:

**JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to 28 U.S.C. §1332 diversity of citizenship and amount in controversy, and 28 U.S.C. § 1331, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, New Albany Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over any state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over any state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff is a 44 year old male citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title.

5. At all times relevant hereto, Plaintiff was an "employee" as that term is defined in Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e(f), and/or the Indiana Civil Rights Law, Ind. Code § 22-9-1-3(i).

6. Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII.

7. At all times relevant hereto, both of the Defendant were an "employer" as that term is defined in Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e(b)(2), and/or the Indiana Civil Rights Law, Ind. Code § 22-9-1-3(h).

8. Defendant is a for profit foreign corporation doing business in Indiana and registered with the Indiana Secretary of State.

9. Defendant has more than twenty five (25) employees.

10. Defendant operates out of Atlanta Georgia, 2455 Paces Ferry Rd., Atlanta, GA 30339.

11. The Plaintiff is a citizen of the state of Kentucky, residing at 1103 Harmony Lane, Goshen, KY 40026.

12. The Plaintiff worked at Defendant's store located in the state of Indiana, 1000 E. Lewis & Clark Pkwy, Clarksville IN 47129.

13. The Plaintiff has sustained emotional and financial damages that amount to greater than $75,000.00.

## ADMINISTRATIVE PROCEDURES

14. On or about April 8, 2015, Plaintiff filed timely charges Disability Discrimination and termination in retaliation for reporting a worker's compensation claim with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2015-01670.

15. On or about September 15, 2015, Plaintiff received a Notice of Right to Sue from the EEOC for Charge Number 470-2015-01670, entitling him to commence action within ninety (90) days of his receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

16. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

17. The Defendant hired Plaintiff on or about April 7, 2014.

18. Throughout his employment Plaintiff met or exceeded Defendant's legitimate expectations of performance.

19. On November 2, 2014 Plaintiff suffered an injury during the course of his employment.

20. The Plaintiff sustained an injury to his left knee when a shoplifter physically charged him.

21. The Plaintiff reported his injury to the Defendant on November 2, 2014.

22. The Plaintiff advised the Defendant that he felt the injury may be just a strain and that he would advise them if his condition did not improve after several days.

23. Approximately six (6) days after his injury the Plaintiff felt his knee pop again during the course of his employment.

24. The Plaintiff informed the Defendant that his injury was not improving.

25. The Plaintiff had his first medical evaluation through the worker's compensation carrier on November 20, 2014.

26. The Defendant texted with the Plaintiff concerning his injury throughout the Plaintiff's worker's compensation medical appointment.

27. The Plaintiff returned back to work after his worker's compensation appointment on November 20, 2015 and met with his manager at that time and advised the manager of what his physical restrictions were.

28. Thirty (30) minutes after informing the Defendant of what his work restriction would be, the Plaintiff was asked to report to the office.

29. The Plaintiff was terminated on November 20, 2014, thirty (30) minutes after informing the Defendant of his physical restrictions and need for accommodation.

30. The Defendant informed Plaintiff that he was being terminated due to the apprehension that occurred on November 2, 2014.

31. The Defendant's policy is that any time there is an injury during an apprehension an accident report is completed immediately.

32. If there is a question about whether the apprehension was handled appropriately then it is the Defendant's policy to immediately place the employee who performed the apprehension on restricted duty pending an investigation.

33. The Plaintiff was never placed on restricted duty following the November 2, 2014 apprehension.

34. If an injury occurs during an apprehension, and the apprehension is questionable then the employee who made the stop resulting in injury is immediately placed on restricted duty pending investigation.

35. The Plaintiff was not placed on restricted duty because there was not a question at the time of the apprehension, on November 2, 2014, as to whether or not the Plaintiff acted appropriately.

36. The Plaintiff was only terminated after the Defendant learned of the Plaintiff's physical restrictions.

## COUNT I

## DISCRIMINATION ON THE BASIS OF DISABILITY

37. Plaintiff hereby incorporates by reference paragraphs 1 through 36 as though previously set out herein.

38. Plaintiff suffered a knee injury during the course of his employment.

39. The Plaintiff was evaluated by a doctor through worker's compensation.

40. The Plaintiff's injury was severe enough to result in physical restrictions.

41. The Plaintiff was placed on work restrictions by the worker's compensation doctors.

42. The Defendant was aware of the Plaintiff's injury resulting in a disability and the requirement of work restrictions.

43. The Defendant terminated Plaintiff after learning of the Plaintiff's necessary physical restrictions

44. The Defendant did not want to accommodate the Plaintiff's physical restrictions caused by his disability.

45. The Defendant intentionally terminated the Plaintiff due to his disability.

46. By the conduct described hereinabove, the Defendant willfully and intentionally, with malice or reckless disregard of the Plaintiff's rights as an employee with a disability, engaged in unlawful and discriminatory employment practices, materially affecting and altering the terms and conditions of the Plaintiff's employment, in violation of the Americans with Disabilities Act and Title VII.

47. Plaintiff has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT II

## RETALIATION FOR REQUESTING ACCOMODATION OF DISABILITY

48. Plaintiff hereby incorporates by reference paragraphs 37 through 47 as though previously set out herein.

49. Plaintiff was injured while working for the Defendant.

50. The Plaintiff's injury disabled him and resulted in the need for physical restrictions.

51. The Defendant did not want to accommodate the Plaintiff's disability and required restrictions.

52. In lieu of accommodating the Plaintiff, the Defendant terminated him.

53. The Plaintiff was terminated thirty (30) minutes after informing the Defendant of his restrictions and his need for accommodation.

54. The Plaintiff was only terminated after the Defendant became aware of restrictions caused by the Plaintiff's disability.

55. The Defendant then terminated the Plaintiff in retaliation for requesting accommodation of his disability.

56. By the conduct described hereinabove, the Defendant willfully and intentionally, with malice or reckless disregard of the Plaintiff's rights as an employee with a disability, engaged in unlawful and discriminatory employment practices, materially affecting and altering the terms and conditions of the Plaintiff's employment, in violation of Title VII and the ADA.

57. Plaintiff has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT III

### RETALIATION FOR EXERCISING A STATUTORY RIGHT

58. Plaintiff hereby incorporates by reference paragraphs 48 through 57 as though previously set out herein.

59. Plaintiff is a resident of the state of Kentucky.

60. Defendant is a Corporation operating out of Atlanta, Georgia.

61. Plaintiff worked for Defendant at a store located in Clarksville Indiana.

62. The Defendant's store in Clarksville Indiana is subject to the laws of the state of Indiana.

63. This court has jurisdiction over this issue due to diversity of citizenship.

64. Indiana Code 22-3-2-2 grants statutory rights to worker's compensation benefits to employees injured during the course of employment in the state of Indiana.

65. The Plaintiff was injured during the course of his employment with Defendant in the state of Indiana.

66. Indiana prevents the retaliatory termination of an employee for exercising their statutory rights to worker's compensation benefits. *Frampton v. Central Ind. Gas Co.,* 260 Ind. 249, 297 N.E.2d 425 (1973).

67. The Plaintiff sustained an injury during the course of his employment with Defendant that resulted in a disability requiring work restrictions and treatment under the Indiana Worker's Compensation Act.

68. The Plaintiff informed the Defendant of his physical restrictions.

69. The Defendant terminated Plaintiff in retaliation for pursuing his statutory rights under the Indiana Worker's Compensation Act.

70. The Defendant terminated Plaintiff to avoid providing Plaintiff with all the statutory benefits of Worker's Compensation in Indiana.

71. By the conduct described hereinabove, the Defendant willfully and intentionally, with malice or reckless disregard of the Plaintiff's rights as an employee who sustained an injury during the course of his employment with the Defendant, the Defendant unlawfully retaliated against the Plaintiff for exercising his statutory rights under the Indiana Worker's Compensation Act.

72. Plaintiff has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and:

a. Order Defendants to pay his lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which he would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e. Pay liquidated damages

f. Pay for lost future wages

g. Pay all costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre- and post judgment interest;

i. Provide all other legal and/or equitable relief this Court sees fit to grant.

## DEMAND FOR JURY TRIAL

The Plaintiff, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

/s/ Heather R. Falks
Heather R. Falks 29907-41
STEWART & STEWART Attorneys
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (317) 843-1991
heatherf@getstewart.com
Attorney for Plaintiff